IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MARDEL, INC.**                                                                                              **PLAINTIFF**

**4:16-CV-00510-BRW**

**LORI HUNTER**                                                                                                **DEFENDANT**

**ORDER**

Pending is Defendant's Motion to Dismiss (Doc. No. 31). Plaintiff has responded and Defendant has replied.[1] An in-court hearing was held today, where both sides presented oral argument (which were well-prepared and helpful). For the reasons set out below, Defendant's Motion to Dismiss is GRANTED.

**I.     BACKGROUND**

In a December 11, 2015 letter, the law firm now representing Ms. Hunter (current Defendant) advised current Plaintiff that it "represent[s] disabled individuals throughout the United States who use the Internet to facilitated their access to good and services."[2] The law firm alleged that Plaintiff's website had numerous "accessibility failures" and outlined the "privacy and legal consequence of those failures."[3] However, "[i]n lieu of immediately filing a lawsuit in federal court," the law firm "propose[d] that the parties engage in settlement negotiations on a expedited basis."[4] The letter also listed numerous other cases the law firm had filed regarding similar legal issues. Finally, Defendant provided a form settlement agreement, which would require Plaintiff to make "corrective measures" on their website, retain an

---

[1]Doc. Nos. 33, 37.

[2]Doc. No. 12-1.

[3]*Id.*

[4]*Id.*

independent consultant to monitor the website, and pay attorneys' fees and expenses. The law firm sent a "second and final notice" on May 25, 2016. This time the firm advised that they represented Lori Hunter, the defendant in this case.[5]

On July 13, 2016, Plaintiff filed this case seeking declaratory relief in light of Defendant's repeated threats of litigation.[6] Specifically, Plaintiff asks for a declaration that its website is not in violation of the Americans with Disabilities Act because ("ADA") because its website is not a "place of public accommodation."[7] In response, Defendant has twice filed motions to dismiss because they claim that the law is contrary to Plaintiff's position.[8] However, the law does not appear to be as black-and-white as Defendant suggested, so both motions were denied.[9] Now, Defendant requests that the case be dismissed because she is waiving all of her claims against Plaintiff related to whether the website is ADA compliant.

## II. DISCUSSION

In her third motion to dismiss, Defendant argues that she "has offered, *multiple times*, to execute a release regarding any an all current and future claims against [Plaintiff] relating to the claims at issue."[10] She contends that there is no longer a case or controversy because she is prepared to "execute a formal and binding release of any current and/or future claims related to the accessibility of [Plaintiff's] website . . . ."[11] Relying on the cessation doctrine, Defendant

---

[5] Doc. No. 12-2.

[6] Doc. No. 1.

[7] Doc. No. 12.

[8] Doc. Nos. 8, 9, 16, 17.

[9] Doc. Nos. 15, 20.

[10] Doc. No. 32 (emphasis in original).

[11] *Id.*

2

contends that the case is now moot because she no longer intends to litigate the question of Plaintiff's website's ADA compliance. "Having attempted to resolve this matter amicably and easily, [Defendant] now seeks relief from this Court to permanently cease this pointless and vexatious litigation."[12]

Plaintiff contends that its declaratory judgment action is still alive for two reasons: (1) there needs to be clarity on the issue of whether its website has to be ADA compliant so the "fog can be lifted" on that issue for Plaintiff; and (2) the "Declaration of Lori Hunter" is not broad enough to guarantee that Defendant is waiving all past, present, and future arguments regarding whether Plaintiff's website violates the ADA.

I will address the second point first. Based on the "Declaration of Lori Hunter"[13] and the representation made on her behalf by counsel during the hearing today, I believe that Defendant has, without reservation, waived her right to sue Plaintiff regarding whether its website violates the ADA. This waiver applies to any past, present, and future claims. So, the threat of imminent litigation is gone. Regarding the first argument, I agree that it would be helpful for Plaintiff to have a ruling on the issue. However, I am convinced that, based on Plaintiff's waiver of rights, any ruling on the declaratory judgment action would be an advisory opinion.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion to Dismiss (Doc. No. 31) is GRANTED. This case is DISMISSED without prejudice.

IT IS SO ORDERED, this 11th day of January, 2017.

/s/ Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[12]Doc. No. 32.

[13]Doc. No. 32-1.